IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
KANSAS CITY DIVISION

TRACY HAZEN,            )
                        )  No. 4:14-cv-539
    Plaintiff,          )
                        )
    vs.                 )
                        )
GC SERVICES, LP,        )
                        )
Defendant.              )
                        )
                        )

## COMPLAINT

Plaintiff, TRACY HAZEN ("Plaintiff"), through her attorneys, alleges the following against Defendant, GC SERVICES, LP. ("Defendant"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* (FDCPA).

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Because Defendant conducts business in the State of Missouri, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

1

## PARTIES

5. Plaintiff is a natural person who resides in the City of Blue Spring, County of Jackson, State of Michigan, and is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

6. Plaintiff is informed, believes, and thereon alleges, that Defendant is a national company with a business office in Houston, Texas.

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

8. Plaintiff is informed, believes, and thereon alleges, that Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

9. In or around March of 2014, Defendant placed collection calls to Plaintiff seeking and demanding payment for an alleged debt owed to Citibank.

10. Plaintiff's alleged debt arises from transactions for personal, family, and household purposes.

11. Defendant called Plaintiff's telephone number at 816-220-7767XX.

12. In or around March of 2014, Defendant called Plaintiff and left a voicemail message on Plaintiff's answering machine.

13. In the voicemail message, Defendant failed to meaningfully disclose the company's name or the nature of the call or state that the call was from a debt collector. See transcribed voicemail message attached hereto as Exhibit A.

14. In the voicemail message, Defendant directed Plaintiff to call back telephone number 800-652-7681, which is a number that belongs to Defendant. See Exhibit A.

15. Defendant is using false, deceptive and misleading means in connection with attempting to collect a debt by not identifying the purpose of its phone calls or that they are an attempt to collect a debt.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

16. Defendant violated the FDCPA. Defendant's violations include, but are not limited to the following:

    a. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff;

    b. Defendant violated §1692d(6) of the FDCPA by placing collection calls to Plaintiff without meaningful disclosure of the caller's identity.

    c. Defendant violated § 1692e of the FDCPA by using false, deceptive or misleading representations or means in connection with the collection of the debt;

    d. Defendant violated § 1692e(10) of the FDCPA by using deceptive means in an attempt to collect a debt;

    e. Defendant violated § 1692e(11) of the FDCPA by failing to disclose in its communications with Plaintiff that the communication was from a debt collector.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

17. Statutory damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k.

18. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k

19. Any other relief that this Honorable Court deems appropriate.

                                          RESPECTFULLY SUBMITTED,

Dated: June 16, 2014          By: */s/ Raymond E. Probst, Jr.*
                                        Raymond E. Probst, Jr.
                                        MO Bar No. 49862
                                        827 Armstrong Ave
                                        Kansas City, KS 66101
                                        (913) 281-0699
                                        rprobst@probst-law.com
                                        Attorneys for Plaintiff